**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1814**

———————


AISSATA TRAORE,

                  Petitioner,

        v.

MICHAEL B. MUKASEY, Attorney General,

                  Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A98-733-583)

———————

Submitted:  March 27, 2008          Decided:  April 10, 2008

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

John S. Richbourg, Memphis, Tennessee, for Petitioner.  Jeffrey S. Bucholtz, Acting Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Song E. Park, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aissata Traore, a native and citizen of Guinea, petitions for review of an order of the Board of Immigration Appeals affirming the immigration judge's decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Traore first asserts that the Board erred in finding she failed to establish by clear and convincing evidence that she filed her asylum application within one year of her arrival in the United States. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007); see Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Traore's due process challenge we find to be merely an attack on the immigration judge's weighing of the evidence and factual findings, and therefore not within the jurisdictional exception of 8 U.S.C.A. § 1252(a)(2)(D) (West 2005 & Supp. 2007). Given the jurisdictional bar, we cannot review the underlying merits of Traore's asylum claim.

Traore also contends that the Board and the immigration judge erred in denying her request for withholding of removal. "[A]n alien asserting a claim for withholding of removal on persecution grounds must show that it is more likely than not that her life or freedom would be threatened in the proposed country of

removal because of her race, religion, nationality, membership in a particular social group, or political opinion." <u>Niang</u>, 492 F.3d at 510 (internal quotation marks and citation omitted). Based on our review of the record, we hold that Traore failed to make the requisite showing before the immigration court. We therefore uphold the denial of her request for withholding of removal.

We also find that substantial evidence supports the denial of relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). We find that Traore failed to sustain her burden of proof before the immigration court

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>